IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID J. AUMANN,

                       OPINION AND ORDER

             Plaintiff,

                        13-cv-478-bbc

         v.

S. HOLMES,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action, pro se plaintiff David J. Aumann is proceeding on a claim that defendant S. Holmes, a registered nurse, delayed giving him appropriate medical care for shingles when he was a prisoner at the New Lisbon Correctional Institution.  The case is before the court on plaintiff's motion to amend his complaint, dkt. #26, and on defendant's motion for summary judgment, which is based on plaintiff's alleged failure to exhaust his administrative remedies.  Dkt. #18.  Because plaintiff never gave the prison notice of his claim within the prison's grievance procedures, he has failed to exhaust the administrative remedies available to him.  Defendant's motion for summary judgment will be granted. Further, because I conclude that plaintiff's proposed amended complaint does not solve his exhaustion problem and is both untimely and prejudicial, I am denying his motion for leave to amend.

OPINION

A. Exhaustion

Under 42 U.S.C. § 1997e(a), a prisoner may not bring an action under 42 U.S.C. § 1983 "until such administrative remedies as are available are exhausted." Defendant S. Holmes has filed the affidavit of Welcome Rose, a records custodian within the Wisconsin Department of Corrections, who avers that after a diligent search of the records, she did not locate any grievance filed by plaintiff David J. Aumann relating to a delay in treatment for shingles by S. Holmes. Aff. of Welcome Rose, dkt. #20, at 2.

Plaintiff says that he filed two grievances related to his claim. The first grievance contained only one line: "inappropriate and abusive treatment toward an debilitated inmate on quarantine!" Dft.'s exhibits in reply, dkt. #31, exh. 1, at 1. Because plaintiff did not identify the "inappropriate and abusive treatment," the examiner was entitled to reject the grievance for failing to "allege sufficient facts upon which redress may be made," in violation of Wis. Admin. Code § 310.11(5)(c). Id. at 3. Plaintiff has not argued otherwise. Accordingly, plaintiff cannot rely on this grievance to show he complied with § 1997e(a). Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002) (if prisoner's grievance is rejected for failure to comply with rules for filing grievances, he has not exhausted his claims with respect to that grievance). Plaintiff's second grievance is equally unhelpful because it has to do with a defendant and event unrelated to plaintiff's underlying claim, so it does not suffice to show his compliance with § 1997e(a).

In addition to these grievances, plaintiff also relies on several letters and interview

2

requests in which he complains that various social workers and staff members have ignored his complaints about medical treatment and other conditions. None of these documents show that plaintiff followed proper grievance procedure in connection with this case. First, they were not completed on the appropriate forms. Wis. Admin. Code § 310.09(1)(a) ("Complaints . . . shall[ b]e typed or written legibly on forms supplied for that purpose."). Second, the documents do not pertain to defendant S. Holmes or the claim upon which plaintiff is proceeding. Because plaintiff has failed to rebut defendant's evidence that he failed to exhaust the administrative remedies for his claim against defendant S. Holmes, I am granting defendant's motion.

## B. Amendment of Complaint

Alternatively, plaintiff moves for leave to amend his complaint to avoid dismissal for failure to exhaust his administrative remedies. He believes that by stating his claims more generally and by focusing his claims on the incidents related to his stay in quarantine that the rejected grievance in which he complains of abuse and mistreatment during quarantine will suffice to show exhaustion under § 1997e(a). However, prison officials rejected that grievance for failure to allege sufficient facts in violation of Department of Corrections rules, so plaintiff cannot rely on it to show compliance with § 1997e(a). Further, plaintiff's other grievance pertains to a defendant plaintiff has not named and against whom plaintiff has not stated a claim (a unit manager named Ms. Jones). Unless plaintiff properly filed and prosecuted other grievances, he has not exhausted the claims he wishes to assert and his

proposed amended complaint does nothing to solve this problem.

Even if plaintiff's amended complaint could save his lawsuit from dismissal for failure to exhaust, I would decline to grant him leave to amend.  Defendant has answered plaintiff's original complaint, so amendments to pleadings are governed by Fed. R. Civ. P. 15(a)(2), which states that courts shall "freely" give leave to amend so long as justice requires it.  However, "[d]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, unfair prejudice to the defendants, or where the amendment would be futile."  Hukic v. Aurora Loan Services, 588 F.3d 420, 432 (7th Cir. 2009).  Plaintiff's proposed amended complaint exhibits undue delay and the potential for unfair prejudice.

This case has been pending for more than a year; I screened plaintiff's original complaint on August 23, 2013.  Plaintiff's proposed amendments involve incidents discussed in his original complaint but he does not allege that any of the facts he added to his proposed amended complaint were previously unknown to him.  In fact, he does not offer any reason for his delay.  Although this case was stayed for four months while plaintiff underwent knee surgery, he still had more than seven months to amend his complaint or ask the court to reconsider its screening order.  Because plaintiff's proposed amended complaint comes after undue delay and would cause unfair prejudice to potential defendants, I am denying him leave to amend his complaint.

4

ORDER

IT IS ORDERED that

1.   Defendant S. Holmes's motion for summary judgment for plaintiff David J. Aumann's failure to exhaust his administrative remedies, dkt. #18, is GRANTED.

2.  Plaintiff's motion for leave to amend his complaint, dkt. #26, is DENIED.

3.  The case is DISMISSED without prejudice.  The clerk of court is directed to close this case and enter judgment accordingly.

Entered this 5th day of August, 2014.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge